Liza M. Walsh
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Telephone: (973) 757-1100

Peter J. Haley
Matthew Iverson
Kelly Hogan
NELSON MULLINS RILEY &
SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 01222
Telephone: +1 617-217-4700
*Attorneys for Defendant New Cibo Vita LLC*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHELLE MOVE, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW CIBO VITA LLC,<br><br>Defendant. | Civil Action No. 2:25-cv-01418(MEF-AME)<br><br>**Judge Michael E. Farbiarz** |

**<u>MOTION TO DISMISS</u>**

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................................ iii

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL ALLEGATIONS ................................................................................................. 2

III. LEGAL STANDARD ............................................................................................................. 3

IV. ARGUMENT .......................................................................................................................... 4

    A.    Plaintiff's Unjust Enrichment Claim Fails Because She Did Not Purchase the Product from Cibo Vita. ................................................................................................ 4

    B.    Plaintiff Cannot Bring Claims On Behalf Of A Nationwide Class. ......................... 6

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Alin v. Am. Honda Motor Co.*,
　No. CIV A 08-4825 KSH, 2010 WL 1372308 (D.N.J. Mar. 31, 2010)......................................5

*Armstrong v. BMW of N. Am., LLC*,
　No. CV 23-3046 (JXN) (JBC), 2025 WL 957889 (D.N.J. Mar. 31, 2025) ..............................7

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009)................................................................................................................4

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007)................................................................................................................3

*Eli Lilly & Co. v. Roussel Corp.*,
　23 F. Supp. 2d 460 (D.N.J. 1998) ...........................................................................................4

*EP Henry Corp. v. Cambridge Pavers, Inc.*,
　No. CV 17-1538, 2017 WL 4948064 (D.N.J. Oct. 31, 2017)..................................................3

*In re Horizon Healthcare Servs. Inc. Data Breach Litig.*,
　846 F.3d 625 (3d Cir. 2017)....................................................................................................6

*Hughes v. Panasonic Consumer Elecs. Co.*,
　No. 10-CV-846, 2011 WL 2976839 (D.N.J. July 21, 2011)................................................4, 5

*Lewis v. Casey*,
　518 U.S. 343 (1996)................................................................................................................6

*Long v. SEPTA*,
　903 F.3d 312 (3d Cir. 2018)....................................................................................................6

*In re Magnesium Oxide Antitrust Litig.*,
　No. CIV. 10-5943 DRD, 2011 WL 5008090 (D.N.J. Oct. 20, 2011) ..................................6, 7

*Noble v. Samsung Elecs. Am., Inc.*,
　No. CV 15-3713, 2018 WL 801590 (D.N.J. Feb. 8, 2018).....................................................4

*PIM Brands, Inc. v. New Cibo Vita LLC*,
　Civil Action No. 25-01418-MEF-AME..................................................................................1

*Ponzio v. Mercedes-Benz USA, LLC*,
　447 F. Supp. 3d 194 (D.N.J. 2020) .................................................................................4, 5, 7

*Semeran v. Blackberry Corp.*,
   No. 15-CV-750, 2016 WL 406339 (D.N.J. Feb. 2, 2016) ..........................................................4

*Serrano v. Campbell Soup Co.*,
   No. 24-CV-4660 (RMB) (MJS), 2025 WL 926394 (D.N.J. Mar. 27, 2025) ............................7

*Snowdy v. Mercedes-Benz USA, LLC*,
   No. CV 23-1681 (ES) (AME), 2024 WL 1366446 (D.N.J. Apr. 1, 2024) ................................6

*Snyder v. Farnam Companies, Inc.*,
   792 F. Supp. 2d 712 (D.N.J. 2011) .........................................................................................5

*Tijerina v. Volkswagen Grp. of Am.*, Inc., No. 21-18755, 2023 WL 6890996
   (D.N.J. Oct. 19, 2023)..........................................................................................................6, 7

*VRG Corp. v. GKN Realty Co.*,
   135 N.J. 539 (1994) ................................................................................................................4

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................................1, 3

Defendant New Cibo Vita LLC ("Cibo Vita"), by and through its attorneys and for the following reasons, hereby moves this Court to dismiss (a) Count II of Plaintiff Michelle Move's ("Plaintiff's" or "Move's") Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and (b) all claims Plaintiff purports to bring on behalf of a nationwide class, for lack of Article III standing.[1]

## I.   INTRODUCTION

Cibo Vita manufactures fruit snack products known as Nature's Garden Probiotic Strawberry Yoggies and Nature's Garden Probiotic Mixed Berry Yoggies (collectively "Yoggies" or the "Products"). Yoggies are a delicious and nutritious snack made with high-quality ingredients. Despite this, Plaintiff alleges Cibo Vita falsely advertises and misleads consumers about the Products' health benefits and brings this putative class action on behalf of a nationwide class consisting of everyone who purchased Yoggies in the United States. She asserts claims for violation of New Jersey Consumer Fraud Act,[2] unjust enrichment, and breach of express and implied warranties. Plaintiff's allegations are premised upon three liability theories:

1) A theory that unspecified "independent testing,"[3] Compl. ¶ 8, ECF No. 1, supposedly shows Cibo Vita falsely advertised the Products contain billions of probiotics;

2) A theory that Cibo Vita's "no artificial ingredients" claim, *id.* ¶ 9, is false because the microencapsulated probiotics Yoggies contain are somehow artificial; and

3) A theory that Cibo Vita's health statements are false and misleading, *id.* ¶ 10.

---

[1] With the exception of Count II, which Cibo Vita seeks to dismiss in its entirety, this Motion does not seek to dismiss claims brought on behalf of the New Jersey subclass.
[2] Plaintiff brings this claim on behalf of a purported subclass of New Jersey residents.
[3] Plaintiff's allegations regarding the testing are similar if not verbatim with the complaint in *PIM Brands, Inc. v. New Cibo Vita LLC*, Civil Action No. 25-01418-MEF-AME. For example, the Complaint alleges that "*PIM* has commissioned independent, industry-standard testing of Yoggies snacks…" Compl., ¶ 36 (emphasis added).

However, Cibo Vita brings this motion because both Plaintiff's unjust enrichment claim and the class claims she attempts to bring under non-New Jersey law are legally deficient. First, under New Jersey law, a plaintiff cannot establish a claim for unjust enrichment against a manufacturer based on a product purchased from a third-party—which is precisely what Plaintiff alleges happened here. And although New Jersey's unjust enrichment law would not apply to the nationwide class Plaintiff seeks to represent, New Jersey law governs Plaintiff and she is the only named class representative. As it is settled law that a class representative cannot bring a state law class claim if she cannot also maintain that claim on an individual basis, the Court should dismiss Count II of the Complaint in its entirety.

Second, the overwhelming majority of courts in this District hold that a class representative lacks Article III standing to bring state law claims from states where they do not reside or in which they have not been injured. As Plaintiff is a New Jersey resident who purchased Yoggies in New Jersey, she only has standing to bring state-law class claims under New Jersey law.

## II. FACTUAL ALLEGATIONS

As it must, for the purpose of this Motion Cibo Vita assumes (but does not concede) the following facts are true. Plaintiff is a New Jersey resident. Compl., ¶ 12. "Cibo Vita is a snack food manufacturer that primarily does business under its flagship name 'Nature's Garden,' which was launched in 2011." Compl., ¶ 20. "Cibo Vita promotes itself as a manufacturer of high-quality, innovative, better for you snacks intended for today's health conscious, mindful snackers." Compl., ¶ 21 (internal quotation marks removed). Cibo Vita sells its snacks "at bulk stores, grocery stores, and local market stores, including Costco, Acme, ShopRite, and Save a Lot[.]" Compl., ¶ 4. The Products are one of Cibo Vita's most popular snacks. Compl., ¶5.

"On or around February 26, 2025, Plaintiff purchased one package of Cibo Vita's [Product] from Costco Wholesale in Hazlet, New Jersey." Compl., ¶ 12. She alleges she reviewed the

2

Product labels and advertising when she purchased the Product and understood them to be representations by Cibo Vita that the Products contained at least 2 billion probiotics and were free from artificial ingredients. Compl., ¶ 13. She claims to have relied on these representations in deciding to purchase the Products, stating she would not have purchased them or would have paid less for them had she known that they did not contain 2 billion probiotics and had artificial ingredients. *Id*. She claims to have conferred a benefit on Cibo Vita by purchasing the Products and that Cibo Vita has been unjustly enriched by retaining revenues derived from her purchase. Compl., ¶¶ 104-106.

### III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a complaint should be dismissed when a party fails to set forth "a claim upon which relief can be granted." This Court has recognized that a claim cannot survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss unless the complaint "contains sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *EP Henry Corp. v. Cambridge Pavers, Inc.*, No. 17-1538, 2017 WL 4948064, at *6 (D.N.J. Oct. 31, 2017) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although "the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor" in resolving a Rule 12(b)(6) motion, "the plaintiff must offer 'more than labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Id.* (quoting *Bell Atlantic Corp.*, 550 U.S. at 555). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## IV.   ARGUMENT

### A. Plaintiff's Unjust Enrichment Claim (Count II) Fails Because She Did Not Purchase the Product from Cibo Vita.

To state a claim for unjust enrichment under New Jersey law,[4] a plaintiff must prove: (1) defendant received a benefit from the plaintiff; (2) retention of that benefit by defendant without payment would be unjust; (3) plaintiff expected remuneration from defendant at the time she performed or conferred a benefit on defendant; and (4) the failure of remuneration enriched the defendant beyond its contractual rights. *Semeran v. Blackberry Corp.*, No. 15-750, 2016 WL 406339, at *6 (D.N.J. Feb. 2, 2016) (citing *VRG Corp. v. GKN Realty Co.*, 135 N.J. 539, 554 (1994)). In this case, Plaintiff must allege either a direct relationship with or a direct benefit conferred on Cibo Vita. *Hughes v. Panasonic Consumer Elecs. Co.*, No. 10-846, 2011 WL 2976839, at *27 (D.N.J. July 21, 2011). Plaintiff has failed to make either allegation here.

First, Plaintiff pleads no facts that allege she had a direct relationship with Cibo Vita. Second, Plaintiff pleads no facts that allege she conferred a direct benefit on Cibo Vita. Plaintiff alleges she bought the Product from Costco, a third-party retailer, Compl., ¶ 12, however, this admission disposes of Plaintiff's unjust enrichment claim because Courts in this district routinely reject unjust enrichment claims where—like here—the defendant received its alleged benefit indirectly through a retailer or wholesaler. *See e.g., Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 260 (D.N.J. 2020) ("it is the plaintiff's (as opposed to a third party's) conferral of a benefit on defendant which forms the basis of an unjust enrichment claim.") (quoting *Eli Lilly & Co. v. Roussel Corp.*, 23 F. Supp. 2d 460, 496 (D.N.J. 1998)); *Noble v. Samsung Elecs. Am., Inc.*, No. 15-3713, 2018 WL 801590, at *7 (D.N.J. Feb. 8, 2018) (collecting cases) ("the vast majority of courts in this district…have overwhelmingly held that a manufacturer cannot be held liable for

---

[4] Plaintiff brings her individual unjust enrichment claim under New Jersey law. Compl., ¶ 101.

4

unjust enrichment if the plaintiff purchased the product at issue from a third-party."); *Snyder v. Farnam Companies, Inc.*, 792 F. Supp. 2d 712, 724 (D.N.J. 2011) ("[w]hen consumers purchase a product from a third party, *they confer a benefit on that third party, not on the manufacturer.*") (emphasis added and citation omitted); *Hughes*, 2011 WL 2976839, at *27 ("if a plaintiff purchases a product from a third party retailer, rather than the defendant, then no direct relationship exists where the plaintiff purchaser conferred a benefit on the defendant").

The Complaint does not allege any other facts showing Cibo Vita received a benefit from Plaintiff. For example, Plaintiff does not allege that Costco (or anyone else) "gave, or was required to give, its profits from [her] purchase" to Cibo Vita. *Alin v. Am. Honda Motor Co.*, No. 08-4825, 2010 WL 1372308, at *15 (D.N.J. Mar. 31, 2010) ("a benefit conferred upon a retailer not sharing in profits with the product manufacturer does not result in the manufacturer's unjust enrichment."). Although the Complaint does contain conclusory allegations that Plaintiff "conferred a benefit on Defendant in the form of monies paid" and "Defendant has been unjustly enriched in retaining the revenues derived from Plaintiff's and Class members' purchases," Compl., ¶¶ 104, 105, these allegations are legally insufficient to support an unjust enrichment claim. *See e.g.*, *Ponzio*, 447 F. Supp. 3d at 260 (rejecting plaintiff's conclusory allegations that manufacturer received millions in revenue absent supporting facts). Similarly, Plaintiff's conclusory allegations that Defendant "is in privity with Plaintiff," was the "intended beneficiar[y] of the Products" and advertised and warranted the Products to Plaintiff "directly and/or through the doctrine of agency," Compl., 108, are likewise insufficient. *See*, *Ponzio*, 447 F. Supp. 3d at 260-261 (conclusory allegations plaintiffs had direct dealings with the defendant manufacturer failed to establish a direct relationship for an unjust enrichment claim). The Court should therefore dismiss Count II of the Complaint.

### B. Plaintiff Cannot Bring Claims On Behalf Of A Nationwide Class.

"The Third Circuit has repeatedly emphasized that '[a] plaintiff must demonstrate standing for each claim [s]he seeks to press…'" *Snowdy v. Mercedes-Benz USA, LLC*, No. 23-1681, 2024 WL 1366446, at *5–6 (D.N.J. Apr. 1, 2024) (quoting *Long v. SEPTA*, 903 F.3d 312, 323 (3d Cir. 2018)). "The requirements for standing do not change because Plaintiffs fashion their claims in a purported nationwide class." *Tijerina v. Volkswagen Grp. of Am.*, Inc., No. 21-18755, 2023 WL 6890996, at *8 (D.N.J. Oct. 19, 2023) (citing *In re Horizon Healthcare Servs. Inc. Data Breach Litig.*, 846 F.3d 625, 634 (3d Cir. 2017)). Thus, in a putative class action, the named plaintiff "must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent." *Lewis v. Casey*, 518 U.S. 343, 357 (1996) (internal quotation marks omitted).

In the context of a multi-state class action, this standing requirement means a named plaintiff cannot serve as a class representative for a state law claim unless they reside in or were injured in that state. As the court in *In re Magnesium Oxide Antitrust Litig.*, No. 10-5943, 2011 WL 5008090, (D.N.J. Oct. 20, 2011) explained:

> The Supreme Court's standing cases confirm that a plaintiff must demonstrate standing for each claim he seeks to press.... Otherwise, a plaintiff would be able to bring a class action complaint under the laws of nearly every state in the Union without having to allege concrete, particularized injuries relating to those states, thereby dragging defendants into expensive nationwide class discovery, potentially without a good-faith basis. In other words, the plaintiff would have to do no more than name the preserve on which he intends to hunt.

*Id.* at *10 (dismissing state law claims from states where named plaintiffs did not purchase products).

As Plaintiff both resides in and purchased the Product in New Jersey, Compl., ¶ 12, she can only serve as a class representative for class members with claims under New Jersey law. Although "there is disagreement in this district over whether plaintiffs in a class action may assert

6

claims under the laws of states where the complaint does not allege connections between the name plaintiffs and those states," *Armstrong v. BMW of N. Am., LLC*, No. 23-3046, 2025 WL 957889, at *3 (D.N.J. Mar. 31, 2025) (internal quotes omitted), courts in this district routinely dismiss nationwide class claims for lack of standing where, as here, the named plaintiff seeks to bring class claims under the laws of states to which they have no connection. *See e.g.*, *Serrano v. Campbell Soup Co.*, 773 F. Supp. 3d 127, 148 (D.N.J. 2025) (Bumb, C.J.) (collecting cases) ("This Court echoes that well-reasoned principle and joins the many courts in this District that have dismissed state-law claims in putative class actions where the named plaintiff neither resided in that State nor suffered an injury there."); *Armstrong,* 2025 WL 957889, at *3 (collecting cases) (agreeing plaintiffs must demonstrate standing for each state law claim they seek to assert). Cibo Vita respectfully submits this Court should follow this authority.

Plaintiff, a New Jersey resident who bought the Product in New Jersey, only has standing to bring class claims under New Jersey law. *See In re Magnesium Oxide Antitrust Litig.*, 2011 WL 5008090, at *10 (dismissing claims under jurisdictions where named plaintiffs did not reside or purchase products for lack of standing claims); *Ponzio*, 447 F. Supp. 3d at 223 (named plaintiffs "lack standing to assert claims on behalf of unnamed plaintiffs in jurisdictions where [p]laintiffs have suffered no alleged injury."); *Tijerina*, 2023 WL 6890996, at *8 (lack of standing to bring claims outside the states plaintiffs suffered alleged injury). Accordingly, the Court should dismiss all class claims based on the law of any state other than New Jersey.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Count II of the Complaint against Defendant New Cibo Vita LLC because Plaintiff has failed to state a legally cognizable claim. The Court should likewise dismiss all claims brought on behalf of a nationwide class for lack of standing.

Dated: Newark, New Jersey
July 16, 2025

/s/ *Liza M. Walsh*
Liza M. Walsh
Jessica K. Formichella
WALSH PIZZI O'REILLY FALANGA LLP
Three Gateway Center
100 Mulberry Street, 15th Floor
Newark, New Jersey 07102
Telephone: (973) 757-1100

Peter J. Haley
Matthew Iverson
Kelly Hogan
NELSON MULLINS RILEY &
SCARBOROUGH LLP
One Financial Center, Suite 3500
Boston, MA 01222
Telephone: +1 617-217-4700
*Attorneys for Defendant New Cibo Vita LLC*